# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| SAMITA BHANDARY,<br>Plaintiff,<br>v.<br>AGRADOOT GHATAK, et al.,<br>Defendants. | Case No. 25-cv-04464-BLF<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br>[Re: ECF No. 2] |

On May 27, 2025, Plaintiff Samita Bhandary ("Plaintiff"), proceeding *pro se*, brought suit against Defendants Agradoot Ghatak, Klearnow, Corp., Asvin Srivatsangam, Sandra Vindiola, Madan Ahluwalia, and Judge Stuart Scott in his official capacity. ECF 1 ("Compl."). On the same day, Plaintiff filed a motion for a temporary restraining order to enjoin Defendant Agradoot Ghatak, his agents, and any officers of the Santa Clara County Superior Court from enforcing the divorce judgment entered on or about "September 18, 2025" [*sic*], in *Bhandary v. Ghatak* (Case No. 22FL000012) ("State Court Action"). *See* Motion for a Temporary Restraining Order, ECF 2 at 9; ECF 2-1 at 3.

For the reasons discussed below, Plaintiff's motion is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction.

**I.  BACKGROUND**

Plaintiff is the former spouse of Defendant Agradoot Ghatak ("Ghatak"). ECF 1 ("Compl.") ¶ 6. Plaintiff entered the U.S. under a dependent H-4 visa that is tied to Ghatak's H-1B status. ECF 2-1 at 4. On August 29, 2024, Plaintiff and Ghatak ended their marital status. ECF 1 at 166. On September 18, 2024, the Superior Court of California, County of Santa Clara entered divorce judgment in the State Court Action. *See id.* at 166-67.

On May 27, 2025, Plaintiff filed this lawsuit asserting the following claims against the Defendants: 1) violation of civil right under 42 U.S.C. § 1983; 2) conspiracy to violate civil rights under 42 U.S.C. § 1985; 3) fraud upon the Court; 4) obstruction of justice; 5) declaratory and injunctive relief under 28 U.S.C. §§ 2201-02; and 6) fraudulent concealment and intentional infliction of financial harm. *See* ECF 1 at 15-18.

**II.    LEGAL STANDARD**

Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**III.   DISCUSSION**

The Court finds that Plaintiff has failed to meet her burden to demonstrate that she is likely to succeed on the merits of any of her claims. Plaintiff asks this Court to enjoin Defendants from enforcing a State Court divorce judgment entered in Santa Clara Superior Court, Case No. 22FL000012. Such a request clearly reveals that abstention would be appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431

1   (1982); *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention permits federal courts to
2   preserve respect for state functions such that the national government protects federal rights and
3   interests in a way that will not unduly interfere with the legitimate activities of the States." *Herrera*
4   *v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019). Abstention under the *Younger* doctrine is
5   appropriate if a state proceeding (1) is "ongoing," (2) "implicates important state interests," and (3)
6   provides "an adequate opportunity . . . to raise constitutional challenges." *Herrera v. City of*
7   *Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (quotation omitted).

8   Here, Plaintiff seeks to enjoin the enforcement of the divorce judgment in her state court
9   divorce proceeding, including orders that "directly interfere" with her legal immigration status,
10  parental rights, and financial stability. *See* ECF at 9.

11  The Court finds Plaintiff is not likely to succeed on the merits of her claims because
12  abstention under the *Younger* doctrine would be appropriate. First, the Court finds the state court
13  divorce proceeding is ongoing, with a hearing for Plaintiff's Motion to Compel Court Process and
14  Restore Access to Judicial Relief currently set on October 28, 2025. *See* ECF 1 at 22. Second, the
15  State Court Action implicates important state interests. The determination of the status of the
16  domestic relationship, including divorce, is a matter of state law. *See Ankenbrandt v. Richards*, 504
17  U.S. 689, 706, 112 S. Ct. 2206, 2216, 119 L. Ed. 2d 468 (1992); *Thompson v. Thompson*, 798 F.2d
18  1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174, 108 S. Ct. 513, 98 L. Ed. 2d 512 (1988) ("[F]ederal
19  courts decline to hear disputes which would deeply involve them in adjudicating domestic
20  matters."). Here, California's significant interest in enforcing the judgments of its courts in a divorce
21  proceeding is implicated, and a ruling by this Court on Plaintiff's motion would likely interfere with
22  the ongoing state proceedings. Third, Plaintiff has failed to show that she does not have the
23  opportunity to raise the constitutional challenges in the State Court. Indeed, Plaintiff has presented
24  constitutional challenges in State Court. *See* ECF 1 at 104. Accordingly, the Court finds that the
25  requirements for *Younger* abstention would be met. Plaintiff's request to enjoin enforcement of the
26  divorce judgment would remain the sole province of the state judiciary.

27  Additionally, the Court finds that Plaintiff has failed to demonstrate that she "is likely to
28  suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Plaintiff alleges

1  that she faces loss of lawful immigration status due to the divorce judgment, that she would be
2  permanently severed from her U.S. citizen child, that she would be deprived from housing, that there
3  is an ongoing retaliatory litigation, surveillance, and reputational harm, and that she does not have
4  the ability to work or access the courts due to her status as a vexatious litigant. ECF 2-1 at 3. The
5  Court recognizes that these are serious, life changing harms. But Plaintiff has failed to establish that
6  this proposed injunction would address those potential, prospective harms, and she has failed to
7  demonstrate why she is entitled to the relief she seeks. If Plaintiff believe that the divorce judgment
8  is erroneous, she may bring her concerns to the state appellate courts. *See Plong v. Coutts*, 2023 WL
9  3432134, at *3 (C.D. Cal. Mar. 10, 2023) ("To the extent that Plaintiffs believes that the state trial
10 judge committed error, the harm is not irreparable because they can pursue their appellate rights.").

   Having concluded that Plaintiff has failed to establish irreparable harm or a likelihood of
success, the Court need not reach the remainder of the *Winter* factors. *See Pimentel v. Dreyfus*, 670
F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate
a fair chance of success on the merits, or questions serious enough to require litigation." (quotation
marks and citation omitted)).

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Samita Bhandary's Motion for a Temporary Restraining Order (ECF 2) is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction.

Dated: May 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge