United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAMITA BHANDARY,<br><br>Plaintiff,<br><br>v.<br><br>AGRADOOT GHATAK, et al.,<br><br>Defendants. | Case No. 25-cv-04464-BLF<br><br>**ORDER SCREENING COMPLAINT; DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; AND TERMINATING MOTION FOR PRELIMINARY INJUNCTION AS MOOT**<br><br>[Re: ECF No. 1, 12] |

On May 29, 2025, the Court granted *pro se* Plaintiff Samita Bhandary's ("Plaintiff") application to proceed *in forma pauperis*. However, after screening the complaint as required under 28 U.S.C. § 1915, the Court finds that the complaint is subject to dismissal for failure to state a claim giving rise to federal subject matter jurisdiction. Accordingly, the Court DISMISSES this matter WITHOUT LEAVE TO AMEND. The Court TERMINATES Plaintiff's Motion for Preliminary Injunction at ECF 12 AS MOOT.

**I.   BACKGROUND**

Plaintiff filed this *pro se* action against Defendants Agradoot Ghatak, Klearnow Corp., Asvin Srivatsangam, Sandra Vindiola, Madan Ahluwalia, and Judge Stuart Scott ("Judge Scott") in his official capacity (collectively, "Defendants"). *See* ECF 1 ("Compl."). Plaintiff is the former spouse of Defendant Agradoot Ghatak ("Ghatak"). ECF 1 ¶ 6. Plaintiff entered the U.S. under a dependent H-4 visa that is tied to Ghatak's H-1B status. ECF 2-1 at 4. On August 29, 2024, Plaintiff and Ghatak ended their marital status. ECF 1 at 166. On September 18, 2024, the Superior Court of California, County of Santa Clara entered a divorce judgment in *Bhandary v. Ghatak* (Case No. 22FL000012) ("State Court Action"). *See id.* at 166-67. Plaintiff alleges that Defendants "carried

1  out a multi-year campaign of coercive control, legal manipulation, and surveillance to deprive
2  Plaintiff of her parental rights, immigration status, property, and liberty." Compl. ¶ 20.  In the
3  Complaint, Plaintiff asserts the following claims: 1) Violation of Civil Rights under 42 U.S.C. §
4  1983; 2) Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985; 3) Fraud Upon the Court; 4)
5  Obstruction of Justice; 5) Declaratory and Injunctive Relief under 28 U.S.C. §§ 2201-02; and 6)
6  Fraudulent Concealment and Intentional Infliction of Financial Harm. *See* Compl. at 15-18.

On May 27, 2025, Plaintiff filed a motion for a temporary restraining order to enjoin Defendant Agradoot Ghatak, his agents, and any officers of the Santa Clara County Superior Court from enforcing the divorce judgment entered on or about "September 18, 2025" [sic], in *Bhandary v. Ghatak* (Case No. 22FL000012) ("State Court Action"). *See* Motion for a Temporary Restraining Order, ECF 2 at 9; ECF 2-1 at 3. On May 29, 2025, the Court denied Plaintiff's Motion for a Temporary Restraining Order without prejudice to filing a noticed motion for a preliminary injunction. ECF 9 at 4. On June 16, 2025, Plaintiff filed a motion for a preliminary injunction. ECF 12.

## II. LEGAL STANDARD

Plaintiff's application to proceed *in forma pauperis* is governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a).

When a district court grants *in forma pauperis* status, the court must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (screening requirement of § 1915(e) applies to all in forma pauperis complaints).

If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); *see also* Fed. R. Civ. P. 1915(d) ("The officers of the court shall issue and serve all

1  process, and perform all duties in such cases.").

**III. DISCUSSION**

On the face of the complaint, the potential basis for federal subject matter jurisdiction is federal question jurisdiction arising from Plaintiff's § 1983 claim (Claim 1), § 1985 claim (Claim 2), and a claim seeking declaratory and injunctive relief under 28 U.S.C. §§ 2201-02 (Claim 5). Plaintiff's complaint does not allege any facts suggesting the existence of diversity jurisdiction. The Court analyzes Plaintiff's claims in turn.

**A. Claim 1: Violation of 42 U.S.C. § 1983**

As to Claim 1, Plaintiff alleges that Defendants deprived her of constitutional rights including: "the right to due process of law" under the Fifth and Fourteenth Amendment, "the right to access the courts," and "the right to equal protection." Compl. at 15. Plaintiff alleges that she was improperly designated as a "vexatious litigant." *Id.* As to her claims against Judge Scott, Plaintiff alleges that "Judge Scott issued rulings that infringed upon Plaintiffs legal, parental, and constitutional rights by failing to adequately address evidence of misconduct and due process violations." Compl. ¶ 13.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotation omitted). There are four tests to determine whether private entities or individuals qualify as state actors: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021).

Here, Plaintiff cannot bring claims under § 1983 against Defendants Agradoot Ghatak, Klearnow Corp., Asvin Srivatsangam, Sandra Vindiola, and Madan Ahluwalia because those defendants are private persons, not state actors. *See Perryman v. Schwarzenegger*, No. C 06 4197 JSW(PR), 2007 WL 105532, at *1 (N.D. Cal. Jan. 10, 2007) ("Purely private conduct, no matter

how wrongful, is not covered under § 1983.").

Plaintiff's § 1983 claim against Judge Scott in his official capacity is also barred for additional reasons. To the extent that Plaintiff seeks damages for acts performed in his judicial capacity, Plaintiff's claim is barred by judicial immunity. *Jernigan v. Superior Ct. of State of California for Cnty. of Santa Clara*, No. C03-2530WHA(PR), 2003 WL 21640489, at *2 (N.D. Cal. July 7, 2003) ("State judges are absolutely immune from civil liability for damages for acts performed in his judicial capacity."). To the extent Plaintiff seeks injunctive relief against Judge Scott, Compl. ¶ 13, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, Plaintiff does not allege that her § 1983 is based on a declaratory decree or allege that declaratory relief was not available. *Miroyan v. Manley*, No. 16-CV-00958-JCS (PR), 2016 WL 2606727, at *2 (N.D. Cal. May 6, 2016) (dismissing § 1983 claim because "there anything in the complaint to support an inference, that a declaratory decree was violated, or that declaratory relief was unavailable.").

For the above reasons, the Court DISMISSES Plaintiff's Claim 1.

**B. Claim 2: Violation of 42 U.S.C. § 1985**

As to Claim 2, Plaintiff alleges that Defendants deprived Plaintiff of her civil rights "through a pattern of coordinated actions." Compl. at 16. Plaintiff alleges that Defendants took actions to "silence, punish, and disenfranchise Plaintiff." *Id.*

§ 1985(3) prohibits a conspiracy between two or more persons "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "Like § 1983, which requires the wrongdoer to be

a state actor, § 1985(3) requires at least one of the wrongdoers in the alleged conspiracy to be a state actor." *Pasadena Republican Club v. W. J. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021).

The Court finds that Plaintiff has failed to adequately plead her § 1985 claim. Plaintiff has failed to allege a conspiracy by a state actor. The only conspiracy alleged by Plaintiff in her complaint is that "Defendant Ghatak, in concert with Defendant Asvin Srivatsangam, jointly concealed a prepared but unfiled wrongful termination lawsuit against Klearnow." Compl. ¶ 24. As discussed above, Defendants Agradoot Ghatak, Klearnow Corp. and Asvin Srivatsangam are private persons, not state actors. *See Perryman*, No. C 06 4197 JSW(PR), 2007 WL 105532, at *1. Plaintiff does not allege Judge Scott participated in the alleged conspiracy. Compl. ¶ 29. Plaintiff has not alleged any facts in Claim 2 to support that Judge Scott was part of conspiracy. *See* Compl. at 16.

Accordingly, the Court DISMISSES Plaintiff's Claim 2.

**C. Claim 5: Declaratory Judgment and Injunctive Relief under 28 U.S.C. §§ 2201-02**

As to Claim 5, Plaintiff seeks prospective declaratory and injunctive relief to 1) "prevent continued reliance on or enforcement of unlawful family court orders" in *Bhandary v. Ghatak* (Case No. 22FL000012) 2) "restore her constitutional rights and access to the courts;" and 3) "protect her foreign property, legal standing, and immigration status from irreparable harm." Compl. at 17.

The Court finds that abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention arises out of the federal statute regarding a federal court's ability to enjoin state court proceedings. *Younger*, 401 U.S. at 43. In addition, the principle of "Our Federalism" requires that "the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the states." *Id.* at 44. The Supreme Court extended *Younger* to declaratory judgments that have "the same practical effect on a state court proceeding as an injunction." *Samuels v. Mackell*, 401 U.S. 66, 72 (1971). The Supreme Court further extended *Younger* to state proceedings when important state interests are involved. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Ninth Circuit, using the test from *Middlesex,* has defined four factors that must be met for *Younger* abstention to apply: "(1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; (3)

1  there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4)
2  the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial
3  proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). The Ninth Circuit has held
4  that "*Younger* principles apply to actions at law as well as for injunctive or declaratory relief because
5  a determination that the federal plaintiff's constitutional rights have been violated would have the
6  same practical effect as a declaration or injunction on pending state proceedings." *Gilbertson v.*
7  *Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

8        As to the first factor, the Court finds the state court divorce proceeding is ongoing, with a hearing for Plaintiff's Motion to Compel Court Process and Restore Access to Judicial Relief currently set on October 28, 2025. *See* ECF 1 at 22. As to the second factor, the State Court Action implicates important state interests. The determination of the status of the domestic relationship, including divorce, is a matter of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 706, 112 S. Ct. 2206, 2216, 119 L. Ed. 2d 468 (1992); *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174, 108 S. Ct. 513, 98 L. Ed. 2d 512 (1988) ("[F]ederal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."). Additionally, the State Court designated Plaintiff as a vexatious litigant and placed Plaintiff on a statewide vexatious litigant list. *See* ECF 1 at 30, 50. As to the third factor, Plaintiff has the opportunity to raise the constitutional challenges in the State Court. Indeed, Plaintiff has presented constitutional challenges in State Court. *See* ECF 1 at 104. As to the fourth factor, the Court finds that granting the declaratory or injunctive relief sought by Plaintiff in this action would have the effect to enjoin the State Court Action and would interfere with the State Court Action in a way that *Younger* disapproves.

Accordingly, the Court finds that the requirements for *Younger* abstention are met, and the Court DISMISSES Plaintiff's Claim 5.

**D. Remaining Claims**

Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*,

625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Accordingly, the entire complaint is DISMISSED. The Court TERMINATES Plaintiff's Motion for Preliminary Injunction at ECF 12 AS MOOT.

### E. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the Foman factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Here, Plaintiff has failed to allege that her Claims under § 1983 and § 1985 involve state actors. *Younger* abstention also applies to Plaintiff's claim for declaratory judgment and injunctive relief under 28 U.S.C. §§ 2201-02. The Court finds that further amendment would be futile. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT LEAVE TO AMEND. The state law claims are dismissed without prejudice to filing in state court.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Pursuant to the initial screening required under 28 U.S.C. § 1915, the complaint is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

(2) The Court TERMINATES Plaintiff's Motion for Preliminary Injunction at ECF 12 AS MOOT.

(3) The Clerk SHALL close the file.

Dated: June 23, 2025

_____
BETH LABSON FREEMAN
United States District Judge